USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4-22-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS           : 15cv6978
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND                        : MEMORANDUM & ORDER
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, *et al.*,

        Petitioners,

        -against-

V. POWER ENTERPRISES INC.,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. PAULEY III, District Judge:

        Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; The New York City and Vicinity Carpenters Labor Management Corporation; and The New York City District Council of Carpenters (collectively, "Petitioners" or the "Funds") petition to confirm an arbitration award against Respondent V. Power Enterprises Inc. dated August 7, 2015 ("the Award"), and seek attorneys' fees and costs. For the following reasons, the Award is confirmed, and attorneys' fees and costs are awarded in the amount of $1,060.

## BACKGROUND

        On October 14, 2011, Respondent entered into a collective-bargaining agreement with the New York City District Council of Carpenters f/k/a the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America. (See Pet. Ex.

A (the "CBA").)  The CBA provided, inter alia, that "[i]t shall be a violation of [the CBA] for [Petitioner] to fail to furnish proper records when requested, for the purpose of completing an audit" to confirm that Respondent was making its required contributions to the Funds.  (CBA Art. XV, § 1.)   The CBA also provided that "either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder" to address "any dispute or disagreement . . . concerning any claim arising from payments to the fund of principal and or interest which is allegedly due."  (CBA Art. XV, § 7.)

According to the Petition, Respondent refused to furnish its records for an audit in violation of the CBA.  (Pet. ¶ 17.)  Petitioners initiated an arbitration and sent a Notice of Hearing to Respondent.  (Pet. Ex. C.)  Following a hearing on August 6, 2015 (at which Respondent failed to appear), the arbitrator found that "uncontroverted testimony and evidence" demonstrated that Respondent breached the CBA.  (Pet. Ex. D.)  The Award held Respondent "liable for unpaid contributions in the estimated amount of $349,920.00" plus $110,122.99 in "interest, liquidated damages, cost of the suit, attorney fees [and] the fee of the Arbitrator" and 5.25% interest from the date of the Award.  (Pet. Ex. D.)  No portion of the Award has been paid.  Respondent has neither answered the Petition nor otherwise appeared in this action.  (See Pet. ¶ 22; ECF No. 10.)

DISCUSSION

Petitioners seek (1) confirmation of the Award, and (2) attorneys' fees and costs.

A. Confirmation of the Arbitration Award

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir.

2006) (citation and internal quotations omitted).  Confirmation of an arbitration award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984).  "[T]he court 'must grant' the award 'unless the award is vacated, modified or corrected.'"  D.H. Blair, 462 F.3d at 110 (quoting 9 U.S.C. § 9)).   Where the respondent fails to appear, a petition to confirm an arbitration award and any accompanying submissions are "treated as akin to [an unopposed] motion for summary judgment."  D.H. Blair, 462 F.3d at 109–10; see also Travel Wizard v. Clipper Cruise Lines, No. 06 Civ. 2074 (GEL), 2007 WL 29232, at *2 (S.D.N.Y. Jan. 3, 2007) (stating that "even where one party altogether fails to respond to a motion to vacate or confirm an award . . . district courts should [still] assess the merits of the record rather than entering a default judgment.").

"The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  D.H. Blair, 462 F.3d at 110.  "[A] barely colorable justification for the outcome reached" is all that is necessary to confirm the award.  Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union, 954 F.2d 794, 797 (2d Cir. 1992).  "It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable."  Major League Baseball Players Association v. Garvey, 532 U.S. 504, 509 (2001).

Here, nothing in the record indicates that the Award is unenforceable.  The arbitrator found that "uncontroverted testimony and evidence" established that Respondent refused to provide its books and records to the Funds' auditors in violation of the CBA.  (Pet. Ex. D.)  Damages appear to have been calculated in accord with the CBA.  (Pet. Ex. D.)  "On the

3

basis of the Award, and on the very limited review that is appropriate . . . th[is] Court concludes that there is at least a 'barely colorable justification for the outcome reached.'" Trustees of New York City Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc., No. 15-cv-3811 (PAE), 2015 WL 7288654, at *3 (S.D.N.Y. Nov. 17, 2015) (quoting Landy Michaels Realty Corp., 954 F.2d at 797)). Accordingly, the Award is confirmed in the amount of $460,042.99, plus 5.25% interest from August 7, 2015.

B. Attorneys' Fees and Costs

The Funds seek reasonable attorneys' fees and costs incurred in bringing the Petition. Both the CBA and Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA") require such an award. See CBA Art. 15, § 6(a) ("In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees . . . to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s) . . . reasonable attorney's fees and costs of the action . . . ."); 29 U.S.C. § 1132(g)(2) ("In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ."); see also Trustees of Bricklayers & Allied Craftworkers Local 5 New York Retirement v. Helmer-Cronin Const., Inc., No. 03-cv-0748 (MDF), 2005 WL 3789085, at *3 (S.D.N.Y. Oct. 24, 2005) ("[I]n an action by a multiemployer against an employer for delinquent contributions under 29 U.S.C. § 1145 where judgment is ordered in favor of the plan, an award of attorney's fees and costs is mandatory.").

"Generally, to determine a reasonable attorney's fee, a court must calculate a 'lodestar figure,' which is determined by multiplying the number of hours reasonably expended

on a case by a reasonable hourly rate." Sheet Metal Workers Nat. Pension Fund v. Evans, No. 12-cv-3049 (JFB), 2014 WL 2600095, at *8 (E.D.N.Y. June 11, 2014).  Petitioners seek attorneys' fees of $585.  In support, they have submitted an invoice demonstrating that one attorney—an associate at Virginia & Ambinder, LLP and 2014 law school graduate—spent 2.6 hours on this Petition and accompanying memorandum of law, billing at a rate of $225 per hour. (Pet. Ex. D.)  Although another court has found that "a reduced rate of $175" for a junior associate in this position would be "significantly more in line with approved rates for junior associates in this District," Richie Jordan Constr. Inc., 2015 WL 7288654, at *5, this Court finds that Petitioners' requested rate is reasonable and consistent with fee awards for associates in ERISA actions.  See New York Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc., 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (approving a rate of $300 per hour for associates).  Accordingly, Petitioners' request for a modest award of $585 in attorneys' fees is granted.

   Regarding costs, "[c]ourts in this Circuit will generally grant 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'"  Richie Jordan Constr. Inc., 2015 WL 7288654, at *5 (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998)).  Petitioners' request for reimbursement of $75 in service fees and $400 in court filing fees (see Pet. ¶ 31) is reasonable and therefore granted.

CONCLUSION

Accordingly, this Court (1) confirms the $460,042.99 arbitration award in favor of Petitioners, along with 5.25% interest from August 7, 2015 through the date of this judgment; and (2) awards Petitioners attorneys' fees and costs in the amount of $1,060.

The Clerk of Court is directed to terminate any pending motions and close this case.

Dated: April 22, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies to all counsel of record via ECF.*